### LEASE OF PREMISES FOR ILLEGAL USE.

Circuit Court of Cuyahoga County.

ROSA BONDI v. ANTONIO GAMBINO.

Decided, November 6, 1907.

*Leases—Rescission—When One Contracting for Lease of Premises May Not Rescind Because Use for Purpose Contemplated is Illegal.*

Where the owner of premises agrees to equip them in a certain manner and rent them to plaintiff, the discovery that it will be illegal to use them for the purpose contemplated because of the manner of equipment, furnishes no ground for rescission of contract by plaintiff, where he has had full and exclusive control of the mode and method of making the equipment.

*Harry F. Payer,* for plaintiff in error.
*Myler & Turney,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Bondi owned property on Orange street in the city of Cleveland and agreed to lease the cellar thereof to Gambino for three years at a stipulated rental. Bondi also contracted to build in said cellar "an oven for commercial use," and have the same ready for use as a bakery by January 1, 1904. Gambino deposited $100 with Bondi to apply on rent and Bondi went ahead, built the oven and expended $400 in fixing up the cellar. About four days before the first day of January, both parties learned that the laws of the state (Sections 4364-71 and 72) regulate the building of bakeshops, and that the cellar did not comply with all the requirements of the statute, chiefly because it was only seven feet in height, instead of eight feet. Both parties appear to have been wholly ignorant of this law until the time mentioned and on the day Gambino says that Bondi refused to make the cellar any deeper, and Bondi says that Gambino refused to take possession of the place, and rented another shop across the street. The contract which was in Italian, and crudely drawn reads: "In case Mr. Gambino fails he will lose $100. In case

Mr. Bondi fails he will pay $200.'' So Gambino claiming Bondi had failed to comply with the contract, brought suit against Bondi for the $200 penalty, and the court limiting the recovery to $100 and interest, submitted the case to a jury, which brought in a verdict for the plaintiff.

The defendant below has brought the case here on error, complaining of certain rulings on evidence, and the charge of the trial judge.

We think this charge a model as to clearness and brevity simplifying the issues to the jury, so that they could understand the dispute between the parties. The court advised the jury that the regulations of law regarding bakeshops should be read into the contract, it containing no specifications as to how the cellar should be fitted up. That the evidence showed clearly that on the 26th day of December, the cellar or basement was not completely equipped in accordance with the statute of the state, and that if on that day, the defendant refused to complete the cellar according to law, they should find for the plaintiff, but if they found that on that day the plaintiff had told the defendant that he had rented another bakery across the street and would not take the defendant's cellar in any event, as was claimed by the defendant then they should find for him.

This was good law, so far as it went, but we think there was another element in the case, which the judge failed to submit to the jury, principally because he had erroneously ruled out evidence upon it.

The construction put upon the contract by the court, that it provided for a bakeshop to be built according to the statutory requirements, was correct, unless the parties themselves had put a different construction upon the contract.

The defendant, in her third amended answer, alleged: "that from the very inception of performance thereunder and through out performance by defendant, the plaintiff assumed and exercised full and exclusive control of the mode and method of doing said work, as well as the character of said work.'' Evidence was offered by the defendant, tending to establish this allegation, but it was all either ruled out or withdrawn from the considera-

tion of the jury.   We think this was a mistake.   If Gambino directed the work, or by his conduct induced the defendant to believe that the cellar was being equipped just as he wanted it, so that the defendant expended his money upon a practical construction of the terms of this contract, it would amount to the same as if the contract in express words has said: "said cellar shall be seven feet in height."

With such a clause in the contract, Gambino could not recover any money paid to Bondi on it, notwithstanding the place could not be used as a bakeshop, no more than he could from the mason, if he had hired one himself to do the work.   There was nothing unlawful about building "an oven for commercial use" in that cellar.   It might afterwards be unlawful to run a bakeshop there, but that would go to the executory part of the contract, with which this case has nothing to do.   See *Hooker* v. *De Palos,* 28 O. S., 251; *Patrick* v. *Littell,* 36 O. S., 79.

Taking this view of the case, the judgment must be reversed for error in the charge and in excluding evidence offered by the defendant.   .